UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE CHILDRESS, JR.,

    Petitioner,

v.

SHIRLEE HARRY,

    Respondent.

_____/

Case No. 1:13-cv-41

HON. JANET T. NEFF

## **OPINION**

Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 in January 2013. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition as time-barred based on her determination that Petitioner had one year from December 14, 2006, in which to file his habeas corpus petition (R&R, Dkt 8 at 1, 4). The matter is presently before the Court on Petitioner's objection to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made. The Court denies the objection and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

Petitioner argues that the Magistrate Judge erred in sua sponte raising the issue of the expiration of the limitations period (Objs., Dkt 9 at 2). According to Petitioner, "the magistrate acted as counsel for the State" (*id.*). Petitioner's objection is without merit. As fully set forth in the

Report and Recommendation, the Magistrate Judge was required to perform a preliminary review of his petition (R&R, Dkt 8 at 1, citing Rule 4, RULES GOVERNING § 2254 CASES, and 28 U.S.C. § 2243). Moreover, although Petitioner emphasizes the portion of the United States Supreme Court's opinion expressing that "[district courts] have no obligation to assist attorneys representing the State," *Day v. McDonough*, 547 U.S. 198, 210 (2006) (and cases cited therein), the Supreme Court ultimately held that "district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition," *id.* at 209, which is the proposition upon which the Magistrate Judge relied for her recommendation this case (R&R, Dkt 8 at 1). Petitioner's argument does not demonstrate any legal error by the Magistrate Judge, merely his disagreement with the result.

Having determined Petitioner's objection lacks merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issue raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon review, this Court finds that reasonable jurists would not find the Court's

2

procedural ruling debatable. A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.


Dated: June 24, 2013  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge